PER CURIAM.
This cause is before us on appeal from a final summary judgment entered in favor of appellees/mortgagees in their action to foreclose a mortgage on real property. We must reverse due to questions of fact which preclude determination of priority between the mortgage held by appellees and the oil and gas lease owned by appellant.
The record before the trial judge included the amended complaint with attached documents, answers to the complaint, and an affidavit as to attorney fees. The documents attached to the complaint indicate the mortgage to appellees was executed November 16, 1980, acknowledged April 17, 1981, and recorded May 11, 1981. The oil and gas lease was executed on February 24, 1981, and recorded August 6, 1981.
The trial court, however, found in its final order that appellees’ mortgage was executed on April 17, 1981, concluding that appellant’s interest arose prior in time to that of appellees, and further found that appellant failed to allege or prove that ap-pellees had notice of appellant’s prior unrecorded lease at the time the mortgage was executed.
On the record before us, it appears both parties took their respective interests in the land before either interest was recorded. Two questions thus arise: (1) Which conveyance was executed first? and (2) Did the party who took the subsequent interest have notice of the prior interest? The date appellees’ mortgage was executed is of paramount importance and, since disputed, precludes entry of summary judgment.
The cause is reversed and remanded for further proceedings.
BOOTH, WIGGINTON and NIMMONS, JJ., concur.